Filed 6/4/24  P. v. Metias CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F086554 |
| Plaintiff and Respondent, | (Super. Ct. No. 21CR-01753) |
| v. | |
| RAMY ROUSHDY TAWFIK METIAS, | OPINION |
| Defendant and Appellant. | |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Merced County.  Stephanie L. Jamieson, Judge.

Cynthia L. Barnes, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]      Before Hill, P. J., Detjen, J. and Smith, J.

## INTRODUCTION

Appellate counsel for appellant Ramy Roushdy Tawfik Metias filed an opening brief summarizing the pertinent facts and raising no issues but asking this court to review the record independently. (See *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) The opening brief includes a declaration from appellate counsel stating that Metias was advised of his right to file a brief of his own with this court.

By letter dated March 12, 2024, we also invited Metias to submit additional briefing. To date, we have not received a response from him.

Pursuant to *Wende, supra*, 25 Cal.3d 436, we have reviewed the entire record. Finding no arguable error that would result in a disposition more favorable to Metias, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

On February 24, 2023, the Merced County District Attorney filed a first amended information charging Metias with rape of an intoxicated person (Pen. Code,[1] § 261, subd. (a)(3), count 1); sexual battery by restraint (§ 243.4, subd. (a), count 2); assault with the intent to commit rape (§ 220, subd. (a)(1), count 3); and attempting to destroy or conceal evidence, a misdemeanor (§§ 664/135, count 4).

On June 13, 2023, the trial court granted the prosecutor's motion to dismiss count 1.[2]

On June 14, 2023, the jury was sworn in.

On June 22, 2023, the jury began deliberations.

---

[1] All further undefined statutory citations are to the Penal Code unless otherwise indicated.

[2] Although count 1 was dismissed, throughout the remainder of the proceedings, the parties and the verdict forms referred to the remaining charges as counts 1 through 3. We refer to the charges by their original designation in the amended information for the sake of consistency.

On June 23, 2023, the jury found Metias guilty of sexual battery, a lesser included offense originally charged in count 2; simple assault, a lesser included offense charged in count 3; and attempting to conceal or destroy evidence.

On July 7, 2023, the trial court suspended imposition of the sentence and placed Metias on informal probation for a period of one year.[3]  As a condition of his probation, the trial court ordered Metias to serve six months in the county jail but granted Metias time to apply for an alternative sentencing program.  The trial court further ordered Metias to register as a sex offender for a minimum of 10 years, consistent with section 290.  Metias accepted the terms and conditions of the trial court's grant of probation.

Metias filed a timely notice of appeal.

***The Prosecution's Case***

On the evening of December 19, 2020, J.C. attended a house party in Merced, where she consumed alcohol, became intoxicated, and lost consciousness.  Her friend D.D., who resided at the party venue, took J.C. to her bedroom and cleaned her up.  J.C. laid down on the bed and D.D. closed the bedroom door.

At one point, D.D. returned to check on J.C. and changed her into a pair of sweatpants.  Another time, D.D. checked on J.C. and observed J.C. sleeping with a blanket over her.

At some point during the evening, while J.C. was lying down facing the wall, she heard the bedroom door open, and a male laid down on the bed, coming up very close behind her.  The man touched her leg.

---

[3]  The court found that counts 2 and 3, which both carried a maximum sentence of six months in county jail, were based upon the same act, and therefore, stayed one of the counts pursuant to section 654.  The maximum term on count 4 was three months in county jail.

The man told her, "you're okay." J.C. responded " 'no,' " but felt penetrative pressure inside of her vagina.

Although she could not be 100 percent certain, J.C. believed the man was the same person she had been talking to at the party earlier that evening. She described the man as a darker-complected man of Indian descent with a beard. This description matched photographs of Metias that had been taken during the party.

J.C. lost consciousness. She awoke sometime later feeling afraid. J.C. discovered that her nylons and underwear had been removed and that she was wearing sweatpants.

J.C.'s friend took her to the hospital. The police were notified and arrived at the hospital as well. J.C. underwent a sexual assault forensic medical examination performed by a nurse. During the examination, she disclosed that she was experiencing vaginal soreness. Hana Hawari, the forensic nurse who had examined J.C., noted redness and bruising on J.C.'s thighs.

When officers from the Merced Police Department arrived at the scene of the party, Metias attempted to enter D.D.'s bedroom to take a blanket, claiming that he was cold. Metias had already been told by law enforcement officers not to enter D.D.'s bedroom.

Metias consented to submit to the responding officers' request for a buccal swab. The samples, which were processed by the Department of Justice, revealed strong support for the conclusion that Metias's seminal fluid was detected on swabs taken from J.C.'s external vagina, right inner thigh, and anus. His DNA was also found on her naval.

Metias claimed that he and J.C. had kissed and that they were rubbing up against one another. Although the touching began consensually, Metias stated that J.C. subsequently changed her mind. He stopped and left the room. Metias did not disclose that anything sexual had occurred with J.C., despite being asked by responding officers.

## **<u>DISCUSSION</u>**

Having independently reviewed the record, we have found no reasonably arguable appellate issues.  (*People v. Kelly* (2006) 40 Cal.4th 106, 124.)

## **<u>DISPOSITION</u>**

The judgment is affirmed.